**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APARICIO RICARDO DE LEON-DOMINGO; R. A. D. L.-M., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-4035 <br><br> Agency Nos. <br> A203-808-321 <br> A203-808-322 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2026**
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Lead Petitioner, Aparicio Ricardo de Leon-Domingo ("Petitioner"), and his

daughter (collectively "Petitioners"), natives and citizens of Guatemala, seek

review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.[1]

Where, as here, "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's decision is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (citation modified). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, we must uphold the BIA's determination unless the evidence compels a contrary conclusion. *Id.* Due process violation challenges are reviewed de novo. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003).

1.    Substantial evidence supports the BIA's determination that Petitioners are not eligible for asylum and withholding of removal because they failed to identify a nexus between any alleged past persecution or fear of future persecution and a protected ground. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of a nexus to a protected ground is dispositive of [a

---

[1]    Petitioners each filed separate applications for asylum, withholding of removal, and CAT protection based on the same facts.

petitioner's] asylum and withholding of removal claims" (citations omitted)).

Even assuming that Petitioners' proposed particular social groups ("PSG") were cognizable, the agency correctly found that the gang members' purpose in targeting Petitioners was recruitment. Petitioners' testimonies support this finding. Petitioner's daughter testified that the gang members' interest in her was recruitment so she could participate in their criminal enterprise and that when she refused to join, she was beaten. Indeed, Petitioner asserted that the gang would harass and target other people unrelated to him. Petitioners fail to point to any evidence in the record indicating that they were targeted for any reason other than recruitment or based on a protected ground.

Thus, there is no evidence in the record to compel a finding that Petitioners were targeted for any other motive than the gang's criminal interest in recruitment. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show that [they were] individually targeted on account of a protected ground rather than simply the victim of generalized violence."); *see also Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023) (noting that a mixed-motive analysis is necessary where the petitioner offers some evidence showing that a protected characteristic motivated the persecution). Although the nexus standard for asylum and withholding of removal are different, the agency is not required to analyze

both where no nexus to a protected ground is presented at all.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Because a lack of nexus is dispositive of a petitioner's asylum and withholding of removal claims, we decline to address Petitioners' other claims. *See Riera-Riera*, 841 F.3d at 1081; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").[2]

2.      Petitioners' argument that the IJ violated their due process rights by prejudging the merits of their case is without merit.  To show bias and prejudice, Petitioners must show "that the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007).  The IJ's comments regarding the cognizability of Petitioners' PSGs were meant to assist Petitioners' counsel in curing deficiencies to bolster their asylum claims.  There is no indication of any bias or predisposition by the IJ based on these comments, and the record is devoid of any evidence

---

[2] The BIA deemed Petitioners' imputed political opinion and protection under the Convention Against Torture issues waived.  Before this court, Petitioners do not challenge the waiver determinations.  Therefore, these issues are both unexhausted and waived.  *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the exhaustion requirement in § 1252(d)(1) is a mandatory claims-processing rule "in the sense that a court must enforce the rule if a party properly raises it" (citation modified)); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

suggesting any bias or predisposition by the IJ.  Even if Petitioners were able to show bias, "if the factual record adequately supports the denial of [a noncitizen's] application for relief," as the record does here, "we cannot find that the alleged bias held by the IJ was the basis for the denial of the application."  *Vargas-Hernandez*, 497 F.3d at 926.

**PETITION FOR REVIEW DENIED.**[3]

---

[3] Petitioners' Motion to Stay Removal is denied as moot.  *See* Dkt. No. 3.

25-4035